IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAVID CLARK, ) | CIVIL NO. 09-00184 DAE-LEK |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| GOODWILL INDUSTRIES OF ) | |
| HAWAII, INC., ET AL., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**ORDER DENYING PLAINTIFF'S MOTION FOR DISQUALIFICATION**

Before the Court is Plaintiff David Clark's ("Plaintiff") Motion for Disqualification of Carlsmith Ball LLP to [sic] Due to Conflict of Interest ("Motion"), filed on August 3, 2009. Defendants Goodwill Industries of Hawaii, Inc. ("Goodwill"), Perry Confalone ("Confalone"), Danielle Moskowitz, Ann Boyd, Sandra Jones, Iva Cain, Craig Morimoto, Bert Aki-Marcos, and Cicely Lorenzo-Ganir, formerly known as Cicely Lornezo, in their official capacities (collectively, "Defendants"), filed their memorandum in opposition on August 17, 2009. This matter came on for hearing on September 4, 2009. Appearing on behalf of Defendants was Christopher Cole, Esq. Plaintiff appeared *pro se*. After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, Plaintiff's Motion is HEREBY DENIED WITHOUT PREJUDICE

1

for the reasons set forth below.

## BACKGROUND

On April 22, 2009, Plaintiff, *pro se*, filed an employment discrimination and retaliatory discharge complaint against Defendants. Plaintiff's complaint alleges violations of Title VII and other employment related claims. As Plaintiff's complaint indicates, on or about the week of August 19 to 25, 2008, Goodwill terminated Plaintiff's employment for the stated reasons of insubordination and failure to perform job requirements. Plaintiff alleges that these stated reasons are a pretext, and that termination instead resulted from whistle-blowing. Plaintiff further alleges that he suffered disparate treatment and retaliation based on his race, as well as other claims.

In the instant Motion, Plaintiff requests that this Court disqualify the law firm of Carlsmith Ball LLP ("Carlsmith") from representing the Defendants in this case due to a "conflict of interest." Carlsmith represents all of the defendants in this lawsuit, including Confalone, who is also a partner at Carlsmith. Plaintiff asserts that there is a "conflict of interest of employee and Defendant relationships" on the basis that he believes Goodwill has a partnership with Carlsmith. Plaintiff cites to an email communication indicating that the partners at

Carlsmith met and discussed Plaintiff's case against Goodwill.[1] [Motion, Exh. 1.]  Plaintiff appears to argue that because Carlsmith is an employer of Confalone and Confalone has a partnership with Carlsmith, Carlsmith is therefore disqualified from representation of all Defendants.

In their opposition, Defendants argue that there is no conflict and that any conflict that may have existed has been expressly waived.  Defendants first point out that the Motion does not identify any potential conflict of interest.  First, Goodwill is not a partner of Carlsmith it is a client.  Second, although Confalone is a partner with Carlsmith, that does not prevent Carlsmith from representing him.  Defendants have a common interest in defeating Plaintiff's claims.  Moreover, Confalone is being sued in his official capacity and not individually.  Defendants also assert that Plaintiff lacks standing to bring this Motion.  Plaintiff is neither a client nor a former client of Carlsmith.

### DISCUSSION

Whether a non-client litigant may move to disqualify opposing counsel on the basis of a conflict of interest is typically a matter of standing.  In particular, the focus is on whether a non-client litigant can demonstrate injury in fact on

---

[1] At the hearing, Defendants asserted that the email communication is privileged and that they have requested the Plaintiff to return said email or destroy it.

the basis that the opposing party's attorney has a conflict of interest.  See Xcentric Ventures, LLC v. Stanley, No. CV-07-00954, 2007 WL 2177323 at *3 (D. Ariz. July 27, 2007).  The Ninth Circuit has "indicated that it has 'difficulty seeing how [an opposing party] has standing to complain about a possible conflict of interest ... having nothing to do with her own representation' and that, as a general rule, 'courts do not disqualify an attorney on the grounds of conflict of interest unless the former client moves for disqualification.'"  Id. (quoting Kasza v. Browner, 133 F.3d 1159, 1171 (9th Cir. 1998)) (internal brackets and ellipsis in original).

      Here, the Court notes that Plaintiff does not point to any specific injury to him that he believes has occurred or will occur as a result of Carlsmith's representation of Defendants.  Moreover, other than Confalone's personal involvement with Goodwill in an official capacity, there is no evidence that Carlsmith has any stake or other interest in Goodwill.  Nor is there evidence of any other conflict of interest as between Carlsmith and Goodwill.  Accordingly, there is no basis at this time to grant Plaintiff's request to disqualify Carlsmith from representing Defendants.[2]

---

[2] At the hearing, Plaintiff indicated that he may seek to add Carlsmith as a defendant in this case.  To the extent Plaintiff is permitted to amend his complaint to so add Carlsmith as a defendant, he may at that time renew his request for
(continued...)

**CONCLUSION**

On the basis of the foregoing, Plaintiff's Motion for Disqualification of Carlsmith Ball LLP to [sic] Due to Conflict of Interest ("Motion"), filed on August 3, 2009, is HEREBY DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 9, 2009.



　　　　　　　　　　　　　　　/S/ Leslie E. Kobayashi
　　　　　　　　　　　　　　　Leslie E. Kobayashi
　　　　　　　　　　　　　　　United States Magistrate Judge

**DAVID CLARK V. GOODWILL INDUSTRIES OF HAWAII, INC., ET AL; CIVIL NO. 09-00184 DAE-LEK; ORDER DENYING PLAINTIFF'S MOTION FOR DISQUALIFICATION**

---

²(...continued)
Carlsmith's disqualification.