IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAΓI

| | | |
|---|---|---|
| DAVID CLARK, | ) | CV. NO. 09-00184 DAE-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| GOODWILL INDUSTRIES OF | ) | |
| HAWAII, INC.; PERRY | ) | |
| CONFALONE; DANIELLE | ) | |
| MOSKOWITZ; ANN BOYD; | ) | |
| SANDRA JONES; IVA CAIN; | ) | |
| CRAIG MORIMOTO; BERT AKI- | ) | |
| MARCOS; ATINA SAMPSON; | ) | |
| CICELY LORENZO; and DOES 1- | ) | |
| 10, | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER:  (1) GRANTING DEFENDANTS' MOTION TO DISMISS;
(2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION
TO STRIKE MATTERS IN COMPLAINT; (3) DENYING AS MOOT
DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT; (4)
DENYING AS MOOT DEFENDANTS' MOTION TO EXTEND THE TIME TO
RESPOND TO THE COMPLAINT; (5) GRANTING DEFENDANTS' MOTION
TO STRIKE PLAINTIFFS' MEMORANDUM IN SUPPORT; AND (6)
<u>DIRECTING PLAINTIFF TO FILE A FIRST AMENDED COMPLAINT</u>

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for

disposition without a hearing.  After reviewing Defendants' various motions and

the supporting and opposing memoranda, the Court (1) **GRANTS** Defendants'

Motion to Dismiss; (2) **GRANTS IN PART AND DENIES IN PART**

Defendants' Motion to Strike Matters in Complaint; (3) **DENIES AS MOOT**

Defendants' Motion for a More Definite Statement; (4) **DENIES AS MOOT**

Defendants' Motion to Extend the Time to Respond to the Complaint; (5)

**GRANTS** Defendants' Motion to Strike Plaintiff's Memorandum in Support; and

(6) **DIRECTS** Plaintiff to file a First Amended Complaint.  (Doc. ## 22, 42.)

All counts are dismissed as to Individual Defendants Perry Confalone,

Danielle Moskowitz, Ann Boyd, Sandra Jones, Iva Cain, Craig Morimoto, Bert

Aki-Marcos, and Cicely Lorenzo.  Defendants Goodwill Industries of Hawaii, Inc.,

Atina Sampson, and Does 1-10 remain.

## BACKGROUND

Pro se plaintiff David Clark ("Plaintiff") filed this employment

discrimination lawsuit, alleging that, while employed as an Employment

Counselor/Trainer at Goodwill Industries of Hawaii, Inc. ("Goodwill") from

approximately August 8, 2005 through August 25, 2008, he was subject to:

unlawful discrimination in violation of Title VII of the Civil Rights Act of 1964,

42 U.S.C. § 2000e et seq.; retaliatory discharge resulting from whistle-blowing;

defamation of character; and other civil rights violations.  (Doc. # 1 at 2, 30.)

Plaintiff brings this claim against Goodwill and against Goodwill employees Perry

Confalone,[1] Danielle Moskowitz, Ann Boyd, Sandra Jones, Iva Cain, Craig

Morimoto, Bert Aki-Marcos, Atina Sampson,[2] and Cicely Lorenzo in their official

capacities, and Does 1-10 (collectively, "Defendants").

On June 12, 2009, Defendants filed their Motion to Dismiss

Complaint as to Individual Defendants, and for an Order (1) Striking Impertinent,

Immaterial, Redundant, and Scandalous Matters, or, in the alternative, (2) For a

More Definite Statement, and (3) Extending the Time to Respond to the

Complaint.  (Doc. # 22.)  The Defendants represented in the motion are Confalone,

Moskowitz, Boyd, Jones, Cain, Morimoto, Aki-Marcos, and Lorenzo (collectively,

"Individual Defendants").  Individual Defendants bring their Motion to Dismiss

pursuant to Rules 12(B)(2), (4), (5), and (6) of the Federal Rules of Civil

Procedure, for lack of personal jurisdiction, insufficient process, insufficient

service of process, and failure to state a claim against Individual Defendants.

---

[1] There is some dispute as to whether Perry Confalone is an employee of Goodwill or is outside counsel.  For the purposes of the motion to dismiss, the Court will take as true Plaintiff's assertion that Confalone is "Chairman, Director, and Executive" of Goodwill.  (Doc. # 1 at 3.)

[2] Plaintiff refers to this defendant as "Atina Simpson," but Defendants assert in their Motion that the defendant's last name is properly spelled "Sampson." (Doc. # 22 at 8.)

On July 31, 2009, Plaintiff filed his Opposition.  (Doc. # 36.)  On August 17, 2009, Defendants filed their Reply.  (Doc. # 40.)

On August 28, 2009, Plaintiff filed a Memorandum in Support of Motion to Oppose Defendants' Motion to Dismiss Complaint.  (Doc. # 41.)  On August 31, 2009, Defendants filed a Motion to Strike this second memorandum in opposition as an unauthorized supplemental brief.  (Doc. # 42.)  Plaintiff did not timely file a memorandum in opposition to Defendants' motion to strike.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2), a defendant may move to dismiss a complaint for lack of personal jurisdiction.  In this case, Defendants' motion is premised on a lack of service.  A court may exercise personal jurisdiction over a defendant only if the defendant has been served process in accordance with Rule 4.  See SEC v. Ross, 504 F.3d 1130 (9th Cir. 2007).

Rule 12(b)(5) provides for dismissal for insufficient service of process.  Rule 4(e)(2), in turn, states that an individual may be served by any of the following methods:  (1) following state law for serving a summons; (2) delivering a copy of the summons and complaint to the individual personally; (3) leaving a copy of the summons and complaint at the individual's dwelling or usual place of

abode with someone of suitable age and discretion who resides there; or (4)

delivering a copy of the summons and complaint to an agent authorized by

appointment or by law to receive service of process.  The plaintiff bears the burden

of establishing that service was valid under Rule 4.  Brockmeyer v. May, 383 F.3d

798, 801 (9th Cir. 2004).

Pursuant to Rule 12(b)(6), a motion to dismiss will be granted where

the plaintiff fails to state a claim upon which relief can be granted.  Review is

limited to the contents of the complaint.  See Clegg v. Cult Awareness Network, 18

F.3d 752, 754 (9th Cir. 1994).  Allegations of fact in the complaint must be taken

as true and construed in the light most favorable to the plaintiff.  See Livid

Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005).

A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to

dismiss.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

In providing grounds for relief, however, a plaintiff must do more

than recite the formulaic elements of a cause of action.  See id. at 556-57.  A

plaintiff must include enough facts to raise a reasonable expectation that discovery

will reveal evidence.  In other words, a plaintiff must allege enough facts to state a

claim for relief that is plausible on its face.  See id. at 570; see also Ashcroft v.

Iqubal, --- U.S. ---, 129 S. Ct. 1937 (2009).  "[C]onclusory allegations without

more are insufficient to defeat a motion to dismiss for failure to state a claim." McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988).

Pursuant to Rule 12(f), upon a motion made before responding to a pleading, a court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter."  A court's decision to strike matters from pleadings is within its discretion, and the court's decision will be reviewed for an abuse of that discretion.  See Neighbors of Cuddy Mountain v. Alexander, 303 F.3d 1059, 1070 (9th Cir. 2002).  If the court dismisses a complaint or strikes matters from the allegations, the court may grant leave to amend if "justice so requires" pursuant to Rule 15(a).

This Court has stated that "[t]he rationale behind granting motions to strike is to 'avoid . . . prejudice to a party by preventing a jury from seeing the offensive matter or giving the allegation any unnecessary notoriety.'"  Wailua Ass'n v. Aetna Casualty & Surety Co., 183 F.R.D. 550, 553 (D. Haw. 1998) (citing 5A Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1382, at 715 (2d ed. 1990)).  A matter "will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation; if there is any doubt as to whether under any contingency the matter may raise an issue, the motion may be denied." Id. at 554 (citations omitted).  Further,

"the function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." <u>Sidney-Vinstein v. A.H. Robins Co.</u>, 697 F.2d 880, 885 (9th Cir. 1983).

"Grounds for a motion to strike must be readily apparent from the face of the pleadings or from materials that may be judicially noticed." <u>Wailua Ass'n</u>, 183 F.R.D. at 554 (citation omitted).  In considering a motion to strike, the court views the challenged pleadings in the light most favorable to the non-moving party.  <u>Id.</u> (citation omitted).  Generally, motions to strike are not favored by courts in the absence of prejudice.  <u>Id.</u> at 553, 555.

DISCUSSION

I.      <u>Motion to Dismiss</u>

Defendants move to dismiss the complaint against Individual Defendants for four reasons:  lack of personal jurisdiction over Individual Defendants pursuant to Rule 12(b)(2); insufficient process pursuant to Rule 12(b)(4); insufficient service of process pursuant to Rule 12(b)(5); and failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

A.     <u>Service Defects and Lack of Personal Jurisdiction</u>

Defendants assert lack of personal jurisdiction over Individual Defendants based on Plaintiff's alleged failure to properly serve the complaint and summons pursuant to Rule 4.

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." <u>In re Focus Media Inc.</u>, 387 F.3d 1077, 1081 (9th Cir. 2004).  Service is the "means by which a court asserts its jurisdiction over the person."  <u>Ross</u>, 504 F.3d at 1138.  Therefore, a court has "no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived the lack of process."  <u>Id.</u> at 1138-39.  The Ninth Circuit has stated that there is no personal jurisdiction unless Defendants have been served in accordance with Rule 4, but the Ninth Circuit has also "described the service requirements of Rule 4 as 'a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint.'"  <u>Id.</u> at 1140 (quoting <u>Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.</u>, 840 F.2d 685, 688 (9th Cir. 1988)); <u>Jackson v. Hayakawa</u>, 682 F.2d 1344, 1347 (9th Cir. 1982).  A court may exercise personal jurisdiction over a defendant if the plaintiff can demonstrate "substantial compliance" with Rule 4.  <u>Ross</u>, 504 F.3d at 1140 (quoting <u>Direct</u>

8

Mail, 840 F.2d at 688).  In fact, actual notice, without substantial compliance with Rule 4, will not provide personal jurisdiction.  Id.  Therefore, the Court must first address whether Plaintiff substantially complied with the requirements of Rule 4.

Rule 4 lays out the required form and method of service.  A summons must contain the name of the court and the parties, be directed to the defendant, state the name and address of the plaintiff or plaintiff's attorney, state the time within which the defendant must appear and defend, notify the defendant that failure to appear will result in a default judgment, be signed by the clerk, and bear the court's seal.  Fed. R. Civ. P. 4(a)(1).  Unless a plaintiff follows state law for serving a summons,[3] a plaintiff may satisfy the method of service by:  (1) delivering a copy of the summons and complaint to the individual personally; (2) leaving a copy "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who lives there"; or (3) delivering a copy to the individual's authorized agent.  Id. 4(e).  The summons, which must be served along with a copy of the complaint, may be served by any person at least 18 years old who is not a party to the case.  Id. 4(c)(1)-(2).  A plaintiff must provide service within 120 days after the complaint is filed.  Id. 4(m)  In this case, Plaintiff filed

_____

[3] There is no indication in the record that Plaintiff provided service pursuant to Hawaii law.

9

the Complaint on April 22, 2009, and therefore had until August 20, 2009 to provide service.

Documents before this Court indicate that Plaintiff made two separate attempts to serve Individual Defendants. The first attempt was made on May 1, 2009 by process server. Documents indicate that Goodwill and all named Individual Defendants were served at Goodwill's offices at 2610 Kilihau Street, Honolulu, HI 96819. (Doc. ## 5-14.) Each individual was issued a separate summons. (Id.) The Court's review of the summons issued on May 1, 2009 to each Individual Defendant concludes that the form of the summons complied with each of the Rule 4 requirements save one–Plaintiff did not provide his address or the address of an attorney. The summons did contain the name of the court and the parties, were directed at each Individual Defendant personally, stated the time within which the defendant must appear and defend, notified the defendant that failure to appear will result in a default judgment, and was signed by the clerk and bore the court's seal. Defendants do not allege that the complaint was not served along with the summons. As for the method of service, Defendants correctly note that Plaintiff did not deliver service to Individuals Defendants in person, to their dwellings, or to their authorized agents. Instead, service was provided at the Goodwill offices.

10

On or about July 29, 2009,[4] Plaintiff apparently made a second attempt to serve Individual Defendants through their attorneys via U.S. mail.[5] (Doc. # 35.)  Plaintiff has not provided any evidence that there was an explicit agreement between Individual Defendants and their counsel that counsel would accept service on behalf of Individual Defendants.  Defendants deny that counsel have been authorized or appointed to accept service on their behalf.  (Reply at 5.)  The Ninth Circuit has held, however, that in some instances counsel may have implied authority to accept service of process.  See In re Focus Media, Inc., 387 F.3d 1077, 1082 (9th Cir. 2004).  Factors to consider are whether the agent's activities involve independent judgment and discretion and whether the attorney has acted on behalf of the client in another proceeding.  Id. (citations omitted).  Counsel's actions on behalf of their clients in this case can factor into finding implied authority to accept Plaintiff's service of process in this case.  Counsel was retained by Defendants at least as early as May 20, 2009, when counsel filed the

[4] The proof of service does not contain the date of service, but Plaintiff's signature is dated July 29, 2009, and the proof of service was docketed with this Court on July 30, 2009.

[5] Defendants' counsel at Carlsmith Ball, LLP are Christopher Cole, Avid Poai, and Joseph Ernst.  The Court notes that on the proof of service, two names were misspelled as "Avis Poi" and "Joseph A. Earnest."  Plaintiff did, however, provide the correct employment address at Carlsmith Ball LLP, and Defendants acknowledge receipt of the mailed document.

11

Ex Parte Motion for Extension of Time to File Response.  (Doc. # 15.)  It is

reasonable in these circumstances that Plaintiff, proceeding pro se, would conclude

that Individual Defendants' counsel were empowered to receive service on behalf

of Individual Defendants.  Plaintiff's service was flawed, however, in that it was

Plaintiff himself who mailed the documents to counsel.  Rule 4 requires that the

server of process be a person not party to the case.  Fed. R. Civ. P. 4(c)(1)-(2).

Defendants also claim that the summonses received were not signed by the Clerk

of the Court and did not bear the seal of the Court.  (Cole Reply Decl. ¶ 4.)

          The Court deems Plaintiff's two service attempts to be in substantial

compliance with Rule 4.  The Court acknowledges that service was not perfect.  In

the first attempt, the server of process delivered to a place of business, not to a

dwelling or agent.  In the second attempt, Plaintiff mailed service to Defendants'

counsel of record, but erred by apparently mailing the documents himself and by

not including the signature of the Clerk of the Court or the seal of the Court.  These

failures do not, however, justify dismissing Plaintiff's complaint on procedural

grounds.  The Ninth Circuit has identified "the complete absence of any effort to

serve [a defendant] with a summons or a complaint" as a defect in service

warranting dismissal.  <u>Ross</u>, 504 F.3d at 1141.  Other failures, such as stating an

incorrect timeframe within which to answer the complaint and failing to name all

12

the defendants, are examples of deficiencies in service that the Ninth Circuit has deemed insufficient bases for dismissal.  United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984).  The Court deems Plaintiff's errors to likewise be an insufficient basis for dismissal.

Moreover, "[d]ismissal is generally not justified absent a showing of prejudice."  Alpha Beta at 1382.  Defendants have not presented evidence suggesting that they are in any way prejudiced by the defects in service. Defendants' dedicate less than two pages to their argument on these grounds, focusing on the procedural requirements of Rule 4 and not mentioning any prejudice.  (Mot. at 3-4.)  By the very fact that they have filed the instant motions, Defendants demonstrate that they have been fully apprised of the case against them.  Defendants filed the instant motion to dismiss on June 12, 2009, prior to Plaintiff's second attempt at service.  It is clear, therefore, that even based on the May 1, 2009 service attempt at the Goodwill offices, Defendants were well aware of the suit brought against them.  Indeed, Defendants are not at risk of a default judgment against them; Defendants' motion to dismiss based on Rule 12(b)(6), failure to state a claim, goes to the merits of Plaintiff's case and is not merely a procedural motion.  "[T]he core function of service is to supply notice of the

pendency of a legal action." <u>Henderson v. United States</u>, 517 U.S. 654, 672

(1996.)  Plaintiff has satisfied this core function of service.

There is no other evidence before this Court indicating a lack of

personal jurisdiction over Individual Defendants.  Accordingly, the Court denies

Defendants' motion to dismiss for lack of personal jurisdiction and for insufficient

process and insufficient service of process.

B.    <u>Failure to State a Claim</u>

Defendants argue that Plaintiff fails to state a claim against any of the

Individual Defendants, pursuant to Rule 12(b)(6).  The Court will take as true

allegations of fact in the complaint, and will construe the facts in the light most

favorable to Plaintiff.

1.    <u>Allegations Against Individual Defendants</u>

At the outset, the Court notes that Plaintiff's Complaint consists

largely of allegations against Goodwill and not against Individual Defendants.[6]

The grievances that are listed against Individual Defendants are not presented in an

orderly fashion, nor are they tied to any particular cause of action.  The Court has

made every effort to discern what claims against Individual Defendants, if any,

_____

[6]  The Court further notes that Plaintiff demands damages against Goodwill only, not against Individual Defendants.  (Compl. at 37.)

14

Plaintiff presents in the Complaint.  The Court first addresses the grievances alleged by Plaintiff against Individual Defendants that are scattered throughout the Complaint but not identified in Plaintiff's enumerated causes of action.

Plaintiff alleges that employees Lorenzo[7] and Sampson were involved in a chain of e-mails circulated around the office wherein a racial epithet was used against Plaintiff.  (Compl. at 6-7; Compl. Ex. 6.)  Defendants dispute Lorenzo's involvement, (Mot. at 7-8), but for the purposes of this motion the Court will accept Plaintiff's facts as true.  Plaintiff states that the e-mails caused him to "suffer from emotional distress, humility [sic], and mental anguish."  (Compl. at 7.) But it does not appear that Plaintiff is bringing a claim for intentional infliction of emotion distress, or any other personal claim, against Lorenzo.  Instead, Plaintiff continues on to state that he is a member of a protected class, that the conduct "affected the term and condition of employment" and "created an intimidating, hostile and offensive work environment."  (Id.)  Plaintiff does not identify any law under which he brings his claim against Lorenzo.  Based on the Court's understanding of Plaintiff's Complaint and enumerated causes of action, the Court construes Plaintiff's allegation against Lorenzo to pertain to Plaintiff's race-based

---

[7] According to Defendants, Cicely Lorenzo is now known as Cicely Lorenzo-Ganir.  (Mot. at 7.)

Title VII cause of action.  A Title VII violation cannot be brought against Lorenzo, as is discussed below in Part I.B.2.

Plaintiff presents a wide variety of complaints against Cain. According to Plaintiff, Cain engaged in disparate treatment of Plaintiff by allowing another employee, Bert Aki-Marcos, to leave work early but requiring Plaintiff to fill out personal leave requests in advance.  (Id. at 8.)  Cain allegedly required Plaintiff to sign in and out in the morning, during lunch, and after work, but did not require others to do the same.  (Id. at 9.)  Cain allegedly gave Plaintiff extra workload after two other employees quit.  (Id. at 14.)  Cain is also alleged to have given preferential treatment to Micronesian employees and Micronesian clients, actions which Plaintiff places great emphasis on in his Complaint.  (Id. at 14-16.) Plaintiff also notes the presence of Cain and Boyd when Plaintiff was put on administrative leave on or about August 5, 2008.  (Id. at 24.)  Again, Plaintiff lists these grievances against Cain but does not identify the laws Plaintiff seeks to proceed under.  The brunt of Plaintiff's claim against Cain is tied to Cain's alleged discrimination against Plaintiff because Plaintiff is not Micronesian.  For lack of any clear statement by Plaintiff, the Court construes Plaintiff's allegations to pertain to Plaintiff's Title VII cause of action, discussed in Part I.B.2.

Aki-Marcos is frequently described as receiving preferential treatment from Cain, but no details of any wrong-doing <u>by</u> Aki-Marcos <u>to</u> Plaintiff are included in the Complaint.  (<u>Id.</u> at 10-11.)  Plaintiff makes a conclusory statement that the Aki-Marcos' case management duties are a "clear case of disparate treatment," (<u>Id.</u>), but the Court is unable to discern a coherent complaint in Plaintiff's argument.[8]

Regarding Plaintiff's claim against Jones, Plaintiff only states that Jones, a human resource officer, informed Plaintiff about the status of his checks and could not respond to Plaintiff's inquiry about whether he still had a job after he was put on administrative leave.  (<u>Id.</u> at 25.)  Plaintiff does not assert that Jones violated any law, nor can this Court discern any violation based on the facts present.  Likewise, the only mention of Moskowitz in the Complaint is that Plaintiff handed Moskowitz a statement after being put on leave, and that Moskowitz informed Plaintiff on August 28, 2009 that he was terminated.  Plaintiff makes broad accusations of perjury and malice, but cites no supporting evidence.  (<u>Id.</u> at 26.)

---

[8] Plaintiff does present an allegation that Aki-Marcos sexually harassed another employee.  But this allegation does not go to any of Plaintiff's own causes of action.  Defendants have moved to strike this information.

17

Finally, the only mention that Plaintiff makes of Confalone pertains to Confalone's representation of Goodwill against the charge of discrimination that Plaintiff brought before the EEOC.  There is merely a single sentence dedicated to Plaintiff's claim against Confalone.  It appears that Plaintiff is arguing that Confalone was not given all the facts by Goodwill when Confalone was defending Goodwill:  "Defendant [sic] response to the discrimination charges by Chairman, Director and Executive Confalone is without merit, Defendant employees has [sic] not given him the facts in this clear case of discrimination, while he attempts to create a legitimate reason for the discrimination, emotional stress and mental anguish that Plaintiff [sic] while attempting to represent Defendants."  (Id. at 29.) Plaintiff presents no claim that Confalone violated any law when representing Goodwill.

    2.    <u>Causes of Action</u>[9]

Counts 1 and 2 are brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.  (Compl. at 30-35.)  Title VII forbids employment discrimination against any individual based on that individual's "race,

---

[9] In the jurisdiction section of the Complaint, Plaintiff states that this action is brought pursuant to 42 U.S.C. §§ 1981, 1982, 1983, 1985, and Title VII, 42 U.S.C. s 2000e.  (Compl. at 2.)  However, Plaintiff proceeds only under those statutes discussed in this Order.

color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). It appears that

Plaintiff brings Counts 1 and 2 only against Goodwill. Plaintiff's claims against

Goodwill, however, are not at issue in the instant motion to dismiss. Nor could

Plaintiff have brought the Title VII claims against the Individual Defendants. The

Ninth Circuit has consistently held that Title VII liability does not extend to

individual employees, even those in supervisory roles. See Holly D. v. Cal. Inst. of

Tech., 339 F.3d 1158, 1179 (9th Cir. 2003) ("Title VII does not provide a cause of

action for damages against supervisors or fellow employees."); Pink v. Modoc

Indian Health Project, 157 F.3d 1185, 1189 (9th Cir. 1998) ("[C]ivil liability under

Title VII does not extend to individual agents of the employer who committed the

violations, even if that agent is a supervisory employee."); Greenlaw v. Garrett, 59

F.3d 994, 1001 (9th Cir. 1995) ("Under Title VII there is no personal liability for

employees, including supervisors . . . ."). Counts 1 and 2 as against Individual

Defendants are accordingly dismissed.

Count 3 alleges discrimination in Goodwill's hiring, promotion,

discipline, and termination practices. (Compl. at 35.) Plaintiff claims that he is

entitled to recover from Goodwill for "wrongful termination in breach of the

employment relationship contract." (Id.) The claim appears to arise under 42

U.S.C. § 1981(a), although Plaintiff mentions section 1981 only in the Complaint's

jurisdictional statement.  Section 1981 provides, in pertinent part, that "all persons . . . shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens."  42 U.S.C. § 1981(a).  Plaintiff's argument here are not clear.  Plaintiff obscures his own argument by switching back and forth between using the singular "Defendant," which he had used to describe Goodwill, and the plural "Defendants," which the Court must assume includes Individual Defendants.  It is not clear whether this singular-plural switch is intentional, an oversight, or a typographical error.  Plaintiff further convolutes the issue by incorporating his arguments concerning retaliatory discrimination under Title VII.  Regardless, Plaintiff makes no argument that he was in a contractual relationship with any of the Individual Defendants.  Plaintiff was an employee of Goodwill, and it is with Goodwill that Plaintiff had a contractual relationship.  Plaintiff presents no basis upon which to sue Individual Defendants under section 1981.  Count 3 as against Individual Defendants is accordingly dismissed.

Count 4, violation of section 1983, is brought against Individual Defendants.  (Compl. at 36.)  Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall

be liable to the party injured in an action at law, suit in equity, or other
proper proceedings for redress . . . .

42 U.S.C. § 1983.  This statute does not provide for any substantive rights, but

serves to ensure that an individual has a cause of action for violations of the

Constitution or statutes.  Chapman v. Houston Welfare Rights Org., 441 U.S. 600,

617 (1979); Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991).

Plaintiff's section 1983 claim fails for several reasons.  First, Plaintiff

fails to articulate any identifiable cause for relief under section 1983.  Plaintiff

makes broad accusations that "Defendants have acted under the color of the law

and has [sic] infringed upon the rights of Plaintiff without allowing Plaintiff of

[sic] due process of law."  (Compl. at 36.)  Individual Defendants are employed by

Goodwill, which is a private entity not acting under color of state law.  Plaintiff

goes on to assert that "Defendants has [sic] accused Plaintiff of a civil or criminal

violation without due process of law."  (Id.)  Plaintiff does not identify the

constitutional or federal statutory rights Individual Defendants have infringed

upon.  Nor does Plaintiff explain the civil or criminal violation that Defendants

have allegedly accused him of.  These broad allegations do not "give the defendant

fair notice of what the claim is and the grounds upon which it rests."  Bell Atl.

Corp. v. Twombly, 550 U.S. 544, 545 (2007) (quoting Conly v. Gibson, 355 U.S.

21

41, 47 (1957)).  "[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim."  McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988).

Second, Plaintiff does not identify which particular facts give rise to this section 1983 claim.  Plaintiff's Complaint is full of descriptions of various interactions between Plaintiff and Plaintiff's co-workers and supervisors; it is simply not possible for this Court to divine the incidents to which Plaintiff refers.

Third, many, if not all, of Plaintiff's allegations of retaliation and race-based discrimination under section 1983 are barred because of the comprehensive remedial scheme available under Title VII.  See Otto v. Heckler, 781 F.2d 754, 757 (finding that federal employee's constitutional claim was defeated by the fact that the same injuries were cognizable and remediable under Title VII); Arnold v. United States, 816 F.2d 1306, 1311 (9th Cir. 1987); Lakoski v. James, 66 F.3d 751, 755 (5th Cir. 1995) ("Title VII's comprehensive remedial scheme precludes § 1983 suits based upon violations of Title VII rights.").  Plaintiff's claims are thus most appropriately address as Title VII claims.

The thrust of Plaintiff's Complaint is against Goodwill, which is not at issue in the instant motion to dismiss.  Plaintiff's allegations against Individual Defendants fail to state any plausible claim against them.[10]

Accordingly, Defendants' motion to dismiss for failure to state a claim against Individual Defendants Confalone, Moskowitz, Boyd, Jones, Cain, Morimoto, Aki-Marcos, and Lorenzo is GRANTED.

II.    <u>Motion to Strike Matters in Complaint</u>

Defendants move to strike five categories of allegations in Plaintiff's Complaint:  (1) unnecessary and non-public information relating to Goodwill's third-party clients; (2) unnecessary information about coworkers; (3) allegations of "perjury" unrelated to any claim; (4) redundant recitation of statutes, regulations, and policies; and (5) "verbose and confusing allegations."  (Mot. at 13.)  In the alternative, Defendants move for a more definite statement for some or all of the five categories.  (Mot. at 19.)

---

[10]  The Court notes that Plaintiff's Opposition does not directly respond to the majority of Defendants' arguments in their Motion.  Plaintiff argues that he has made a "diligent effort to effect service," which the Court has already acknowledged.  (Opp'n at 2.)  Plaintiff further emphasizes his arguments against Goodwill and against Sampson, (Opp'n at 5-8), but neither are at issue in the instant motion.

A.    Goodwill's Third-Party Clients and Third-Party Coworkers

Plaintiff's Complaint reveals a sizable amount of information about Goodwill employees and clients not party to this case.  The Court will strike spurious, redundant, immaterial, or scandalous matters, particularly if Defendants can demonstrate prejudice.

Paragraphs 32 and 33 allege that one of the Individual Defendants sexually harassed another Goodwill employee, who is not party to this lawsuit. Plaintiff identifies the alleged victim by name.  Plaintiff does not allege that the sexual harassment was directed at him, nor does he explain how, if at all, the incident is related to his causes of action.  Allegations of sexual harassment can be prejudicial against the defendant, particularly because these allegations are not related to Plaintiff's claim against the defendant.  Furthermore, the victim of the alleged sexual harassment is not a party to this suit, and the victim's name should not needlessly become public record.  The Courts strikes Paragraphs 32 and 33.

Paragraphs 34, 35, 37, 38, and 39 describe the various duties of certain Defendants and also include specific information about third-party client cases.  Plaintiff identifies Goodwill clients by name, their cases, their race, and personal family information.  Exhibits 9, 10, and 11.  These facts are unrelated to Plaintiff's claim and unnecessarily reveal private information about Goodwill's

24

clients.  Plaintiff may not use the court process to air every grievance he has; and Plaintiff certainly should not use this venue to display innocent parties' private records.  The Court strikes Paragraphs 34, 35, 37, 38, and 39 and Exhibits 9-11.

In Paragraphs 41, 42, 60, 70, and 77, Plaintiff seeks to present evidence of workplace retaliation and racial discrimination.  There is some evidence which, if assumed true, could contribute to Plaintiff's claim.  Plaintiff again, however, needlessly identifies third-party Goodwill employees and clients. The Court strikes the reference, by name, to the Goodwill clients and employees not party to this case from Paragraphs 41, 42, 60, 70, and 77.

Paragraph 59 is a description, completely out of context, of a case file assigned to another coworker (whom Plaintiff identifies by name) not party to this case.  In this paragraph Plaintiff alleges fraud and perjury by Goodwill employees in regarding overpayment to a client.  Plaintiff fails to allege any harm he suffered from this alleged incident, nor can this Court identify any plausible bearing these facts have on the case.  The Court strikes Paragraph 59.

In Paragraph 62, Plaintiff includes information about an accusation of stealing petty cash made against another Goodwill employee not a party to this case.  It is unclear to the Court what value this narrative has in Plaintiff's case, and Plaintiff does not justify revealing another employee's employment sanctions in

public record.  The Court strikes the reference to the accusation made against

another employee in Paragraph 62.

Exhibit 21 exhibits the internal personnel records of another employee

who was terminated.  Plaintiff uses this exhibit to contrast his own termination.

(Compl. at 30.)  Displaying this private information about another employee not

party to this case is impertinent and unnecessary.  The Court strikes Exhibit 21.

The Court, on its own without motion by a party, strikes Exhibit 7.

Exhibit 7 displays the personal medical records of a person not party to this case.

The medical records are immaterial and impertinent to the core of Plaintiff's case.

B.  Perjury Allegations

Plaintiff states throughout much of his Complaint that Defendants

engaged in "perjury."  Defendants request that these statements be stricken from

the pleadings as scandalous, immaterial, and impertinent.

Each of Plaintiff's allegations of perjury are unsubstantiated and are

not in reference to any particular sworn oral or written testimony.  At best, Plaintiff

confuses arguments regarding documents submitted to the EEOC charge.  Perjury

is a serious offense, and allegations of perjury are scandalous accusations that may

result in prejudice against Defendants.  See also Wailua Ass'n, 183 F.R.D. at 556

(accusations of "siege warfare" qualifies as scandalous matter).  Improper use of

legal terms should be stricken.  Therefore, the Court strikes all allegations of perjury from paragraphs 27, 28, 31, 32, 33, 59, 62, 66, 67, and 82.

C.   <u>Redundant Citations</u>

Defendants' motion to strike redundant references to statutes, regulations, or policy statements that Plaintiff has reproduced throughout the Complaint.  Paragraphs 43 through 58 are exact reproductions of administrative rules and policies, which Plaintiff also attaches as exhibits 13 through 15.  Because they are also attached as exhibits and because Plaintiff provides no analysis or application of the rules in the Complaint itself, the Court strikes paragraphs 43 through 58.  In paragraph 66, Defendants object to Plaintiff's reiteration of two sentences.  The Court does not find these sentences so redundant to warrant being stricken from the record.  Paragraphs 72 and 74 may be material to Plaintiff's first cause of action and therefore do not warrant being stricken from the record.  Therefore, the Court strikes paragraphs 43-58.

D.   <u>Confusing Allegations</u>

Defendants' motion to strike portions of Plaintiff's complaint that are confusing and immaterial.  Defendants' request to strike paragraphs 33-35 and 37-39 is moot because the Court has already stricken these paragraphs for reasons discussed above.  The Court has already stricken a portion of paragraphs 41 and

27

42, and the Court now strikes paragraph 42 in its entirety as immaterial.  Paragraph

41 may be relevant to Plaintiff's allegation of workplace harassment and does not

warrant being stricken.  Paragraph 62 has already had significant portions stricken.

Paragraphs 64-65, although confusing, may be material to Plaintiff's allegation of

workplace retaliation.  Therefore, the Court strikes paragraph 42.

Accordingly, Defendants' Motion to Strike is GRANTED IN PART

AND DENIED IN PART.

III.    <u>Amend Complaint</u>

The Court directs Plaintiff to file a First Amended Complaint within

20 days.  The court reminds pro se Plaintiff that under Rule 8 of the Federal Rules

of Civil Procedure, a pleading need only contain a short and plain statement of the

claim.  The complaint need not contain lengthy exhibits and information of every

conceivable grievance.  The complaint should, however, apprise Defendants of the

claims against them, and therefore the Court directs Plaintiff to explain how the

facts described in paragraphs 64 and 65 relate to his claim of retaliation, and to

explain how the statutory and regulatory provisions he reproduced in paragraphs

72 and 74 relate to his first cause of action and identify which subsections have

been violated.

Because the Court directs Plaintiff to file an amended complaint, Defendants' Motion for a More Definite Statement is DENIED as moot.

## IV.   Motion to Extend Time to Respond to Complaint

The Court directs Plaintiff to file a First Amendment Complaint within 20 days.  Therefore, Defendants' Motion to Extend Time to Respond to Complaint is DENIED as moot.

## V.   Motion to Strike Second Memorandum

Defendants move to strike Plaintiff's August 28, 2009 Memorandum in Support of Motion to Oppose Defendants' Motion to Dismiss Complaint.  This was Plaintiff's second memorandum opposing the motion to dismiss; Plaintiff had already filed his Opposition on July 31, 2009.  Defendants filed their Reply on August 17, 2009, and therefore had no opportunity to respond to Plaintiff's second memorandum.  Pursuant to Local Rule 7.4, no supplemental briefing shall be submitted without leave of the Court.  Plaintiff did not receive leave of this Court before filing his second memorandum.  Accordingly, Defendants' Motion to Strike Plaintiff's Memorandum in Support is GRANTED.

CONCLUSION

For the reasons stated above, the Court:  (1) GRANTS Defendants'
Motion to Dismiss; (2) GRANTS IN PART AND DENIES IN PART Defendants'
Motion to Strike Matters in Complaint; (3) DENIES AS MOOT Defendants'
Motion for a More Definite Statement; (4) DENIES AS MOOT Defendants'
Motion to Extend the Time to Respond to the Complaint; (5) GRANTS
Defendants' Motion to Strike Plaintiff's Memorandum in Support; and (6)
DIRECTS Plaintiff to file a First Amended Complaint.  All counts are dismissed
with prejudice as to Individual Defendants Perry Confalone, Danielle Moskowitz,
Ann Boyd, Sandra Jones, Iva Cain, Craig Morimoto, Bert Aki-Marcos, and Cicely
Lorenzo.  Defendants Goodwill Industries of Hawaii, Inc., Atina Sampson, and
Does 1-10 remain.  The Court reminds pro se Plaintiff that a section 1983 claim
may be brought only against a defendant acting under color of state law, in other
words, a state actor; a section 1983 claim may not be brought against a purely
private entity or employee.

For the reasons stated above, the following are stricken from
Plaintiff's Complaint:  Exhibits 7, 9-11, and 21; paragraphs or portions of
paragraphs 27, 28, 31-35, 37-39, 41-60, 62, 66, 67, 70, 77, and 82.  Plaintiff is
granted 20 days within which to file a First Amended Complaint in conformity

30

with this order.  The Court emphasizes that this order in no way grants Plaintiff

leave to add claims or allegations to those articulated in the Complaint.  Rather,

this First Amended Complaint shall only constitute a formal representation of the

allegations and claims that remain.  Failure to comply with this order may result in

dismissal of this action.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 21, 2009.



_____
David Alan Ezra
United States District Judge


Clark v. Goodwill Industries of Hawaii, Inc. et al., CV. NO. 09-00184 DAE-LEK;
ORDER: (1) GRANTING DEFENDANTS' MOTION TO DISMISS;
(2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION
TO STRIKE MATTERS IN COMPLAINT; (3) DENYING AS MOOT
DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT; (4)
DENYING AS MOOT DEFENDANTS' MOTION TO EXTEND THE TIME TO
RESPOND TO THE COMPLAINT; (5) GRANTING DEFENDANTS' MOTION
TO STRIKE PLAINTIFFS' MEMORANDUM IN SUPPORT; AND (6)
DIRECTING PLAINTIFF TO FILE A FIRST AMENDED COMPLAINT